NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REBECCA L. TAYLOR, | No. 24-7219 |
| Plaintiff - Appellant, | D.C. No. 3:24-cv-05163-DWC |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Submitted February 2, 2026**
Portland, Oregon

Before: CHRISTEN, HURWITZ, and DESAI, Circuit Judges.

This is an appeal from a district court judgment affirming a decision by an

Administrative Law Judge ("ALJ") denying an application by Rebecca Taylor for

social security disability insurance benefits and supplemental security income.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review "the district court's order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (cleaned up). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g) and affirm.

1.      Substantial evidence supports the ALJ's determination that the medical opinions of Drs. Wingate, Renn, and Fitterer were inconsistent with the overall record. *See* 20 C.F.R. § 404.1520c(b)(2), (c)(2) (explaining that consistency with the record is one of the most important factors in assessing a medical opinion). There was substantial evidence that since becoming sober and regularly taking her medication, Taylor exhibited typical mood, affect, and behavior, generally reported being stable and that medication improved her symptoms, was able to take care of herself and her five children, and was able to regularly socialize outside the home at Narcotics Anonymous ("NA") meetings and on family trips. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability.").

2.      The ALJ provided "specific, clear, and convincing reasons" for finding Taylor's subjective symptom testimony inconsistent with the overall record. *Smartt*

*v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (cleaned up); *see also* 20 C.F.R. § 404.1529(c)(4) (instructing ALJs to determine whether there are inconsistencies between an applicant's testimony "and the rest of the evidence"). The record demonstrated that Taylor's mental health has generally stabilized and that she routinely exhibited normal affect, mood, and behavior. The ALJ also considered Taylor's reported daily activities, which included running NA meetings, socializing in public, and taking care of her five children. *See Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996) (finding ALJ properly discredited claimant testimony where the ALJ considered the claimant's "daily activities, the notes of the treating therapist, and the evidence suggesting that he responded well to treatment for depression"); *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (finding observations of typical mental health functioning and claimant's reported social activities undermined her testimony of anxiety), *superseded by regulation on other grounds by* 20 C.F.R. § 404.1502(a).

3.      An ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe" in the Residual Functional Capacity ("RFC") analysis. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (cleaned up). Even assuming that the ALJ should have evaluated Taylor's migraines in the RFC analysis, any error was harmless because it was "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at

24-7219

1115 (cleaned up). After Taylor testified that various stimuli would incite migraines, the ALJ questioned the vocational expert about available jobs that would avoid those reported triggers, ultimately rejecting one of the expert's proposed professions and substituting a different position.

**AFFIRMED.**